# Exhibit 1

9/20/20

## Commonwealth of Massachusetts

PLYMOUTH, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT SHC Risk Management
CIVIL DOCKET NO. 1783CV00566 General Liability

SEP 20 2017

Routed Hand Srvcd
this date (ypa)

~~CERCI HERNANDEZ ET AL~~ PLAINTIFF(S),

v.

~~DOROTHY HARRIS ET AL~~ DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO ~~Sears Roebuck & Co~~ 3333 BEVERLY RD Hoffman Estates IL 60192 (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Plymouth Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

SERVE TIME
9AM TO 6PM
M. - FRI

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a. Filing your **signed original** response with the Clerk's Office for Civil Business, Plymouth Superior Court, 52 Obery Street, Suite 2041, Plymouth, MA 02360, by mail or in person, **AND**

b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: 10 Marshall St., Boston, MA 02108

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically request** a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

FOREIGN

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS

SUPERIOR COURT
CIVIL ACTION NO.:

| | |
|---|---|
| CERCI HERNANDEZ AND <br> JORGE HERNANDEZ, <br>     Plaintiffs <br><br> Vs. <br><br> SEARS ROEBUCK & CO., and <br> DOROTHY HARRIS. <br>     Defendant | PLAINTIFFS CLAIM <br> TRIAL BY JURY |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiffs, Jorge Hernandez ("Mr. Hernandez) and Cerci Hernandez (Ms. Hernandez), husband and wife, reside at 50 Lenox Street, Brockton, Massachusetts 02307.

2. The Defendant, Sears Roebuck & Co. ("Sears"), is a foreign corporation with a principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois but does business in Massachusetts.

3. The Defendant, Dorothy Harris, resides at 6 Barry Circle, Randolph, Massachusetts 02368.

### FACTS

4. Ms. Hernandez visited her mother, Dorothy Harris, regularly at her place of residence to provide her with care.

5. On December 8, 2014, Ms. Hernandez was cooking at her mother's residence on her stove, which was of the "Kenmore" brand. She put oil in a frying pan and turned the stove on to a medium/high heat.

6. While in the process of frying food, the stove improperly overheated and the oil engulfed in fire. Worried that the fire would spread to other areas of the house, Plaintiff grabbed the pan and attempted to throw it outside into the snow. However, unfortunately some of the flaming oil got onto her body causing severe burns.

7. Ms. Hernandez went to the Milton Hospital. There she was diagnosed with first, second and third degree burns to her right arm, right leg, and right breast.

1

8. Ms. Hernandez's injuries were so severe that Milton Hospital contacted Fallon Ambulance for transportation to Massachusetts General Hospital.

9. Ms. Hernandez remained at Massachusetts General Hospital Burn unit for 14 days and endured painful treatment for her severe burns.

10. As a result of her injuries, Ms. Hernandez has been diagnosed with Post Traumatic Stress Disorder and suffers from severe anxiety, mood disorder, depression, fatigue, along with nightmares leading to lack of sleep, panic attacks, and intermittent flash backs, related to her burn injury. Additionally, Ms. Hernandez suffered bleeding, infection, graft loss, damage to underlying structures, and required injection to skin lesions. She has sustained permanent scarring and disfigurement as a result of the Defendants' conduct.

11. As a result of the dangerous and defective nature of the Defendant's stove, a recall was issued due to excessive heating while cooking. "Depending on the model, the surface heating elements can: 1) turn on spontaneously without being switched on; 2) fail to turn off after being switched off; or, 3) heat to different temperatures than selected. This poses a fire and burn hazard to consumers."

## COUNT I
## NEGLIGENCE AS TO DEFENDANT, SEARS ROEBUCK & CO.

12. Plaintiffs repeat, reallege and incorporate the allegations of Paragraphs 1-11 as if expressly rewritten and set forth herein.

13. The severe and permanent injuries sustained by Ms. Hernandez was the direct and proximate result of the carelessness and negligence of the Defendant, Sears, as follows:

    a. Negligently designed, developed, licensed, assembled, manufactured, inspected, test, marketed, advertised, sold, and distributed the subject Kenmore stove;

    b. Negligently failed to warn, to instruct, or to adequately warn or adequately instruct Plaintiff and other uses of the subject Kenmore stove's dangerous and defective characteristics, and of the safe and proper method of using the subject Kenmore stove including, but not limited to, issues related to the recall notice;

    c. Negligently distributed the subject Kenmore stove by placing it in the stream of commerce, when it knew, or with reasonable care should have known, the product to be in a defective and dangerous condition;

    d. Negligently placed the subject Kenmore stove in the stream of commerce in a manner which Defendant Sears foresaw, or in the exercise of reasonable care ought to have foreseen, would carry it into contact with persons such as who were ignorant of its dangerous and defective nature and condition. By doing so, Defendant Sears negligently failed to use reasonable care to prevent injury to such persons, including Ms. Hernandez

14. As a direct and proximate result of the negligence of Defendant Sears, as hereinabove set forth, Plaintiff, Ms. Hernandez, was caused to sustain severe and permanent injury to her person. She suffered and will continue to suffer great pain of both body and mind. She has incurred and will continue to incur medical expenses.

WHEREFORE, Plaintiffs request judgment against the Defendant, together with punitive damages, interest and costs.

### COUNT II
### BREACH OF IMPLIED AND EXPRESS WARRANTIES AS TO DEFENDANT, SEARS ROEBUCK & CO.

15. Plaintiffs repeat, reallege and incorporate the allegations of Paragraphs 1-15 as if expressly rewritten and set forth herein.

16. Pursuant to Mass. Gen. Laws, c. 106, §2-314, §2-315, and §2-316A, Defendant expressly and impliedly warranted to Plaintiff and to the general public that the said Kenmore stove was safe, merchantable and fit for its intended and foreseeable purposes and uses. Defendant breached its warranties because said product was unsafe, not of merchantable quality and unfit for its intended and foreseeable uses and purposes including foreseeable misuses. The Defendant also breached the warranty of fitness for a particular purpose and express warranties. Plaintiff relied on the warranties made by Defendant and Plaintiff sustained injury as the direct and proximate result of the breaches of warranties by Defendant. Due notice has been given Defendant of its breaches of warranty.

17. As a direct and proximate result of the breaches of warranty by Defendant, the decedent, sustained injuries as specified herein.

WHEREFORE, Plaintiffs request judgment against the Defendant, together with punitive damages, interest and costs.

### COUNT III
### MASSACHUSETTS GENERAL LAWS c. 93A § 2 ET. SEQ AS TO DEFENDANT, SEARS ROEBUCK & CO.

18. Plaintiffs repeat, reallege and incorporate the allegations of Paragraphs 1-17 as if expressly rewritten and set forth herein.

19. Pursuant to Massachusetts law a designer, manufacturer or distributor of a product warrants by law that the product is reasonably fit for its intended purposes and free of defective and dangerous conditions. Additionally, such a designer, manufacturer and distributor is required by law to warn of any foreseeable harm attendant to the use of the product. Sears Roebuck & Co. engaged in sufficient business practices in the Commonwealth of Massachusetts by advertising and/or distributing the Kenmore brand stove in Massachusetts, therefore submitting itself to the jurisdiction and applicability of Massachusetts laws.

20. The Kenmore stove was unreasonably dangerous when it was put into the stream of commerce by the Defendants and therefore such conduct by the Defendants constituted a breach of warranty and a violation of Massachusetts General Laws c. 93A § 2 et seq. Plaintiffs' counsel has provided notice to the Defendants as required by said statutes. (See attached notice as Exhibit A).

21. Pursuant to M.G.L. c. 93A, the Plaintiff is entitled to treble damages including attorney fees and costs.

WHEREFORE, Plaintiffs request the court enter judgment against the Defendant Sears Roebuck & Co., for violation of M.G.L. c. 93A and award Plaintiffs damages in accordance with said statutes.

## COUNT IV
## NEGLIGENCE AS TO DEFENDANT, DOROTHY HARRIS

22. Plaintiffs repeat, reallege and incorporate the allegations of Paragraphs 1-21 as if expressly rewritten and set forth herein.

23. The injuries sustained by the plaintiff were the direct and proximate result of the negligence of the defendant as follows:

    a. The defendant provided the plaintiff with a dangerous and hazardous stove to prepare food on.
    b. The defendant failed to warn and instruct the plaintiff of the proper way of using the stove to minimize the hazards associated with is and/or explain the dangerous functions of the stove.
    c. The Defendant knew or should have known of the dangerousness of the stove top due to the recall notice and/or use of the stove.

24. As a direct and proximate result of the negligence of the Defendant, Defendant, the Plaintiff sustained severe injuries, including but not limited to serious burns and scars. She has had substantial medical treatment and expenses and is permanently disabled. She has endured extreme pain and suffering and loss of function. Her damages and expenses will continue for the future

WHEREFORE, Plaintiffs request judgment against the Defendant, together with punitive damages, interest and costs.

## COUNT V
## LOSS OF CONSORTIUM AS TO DEFENDANT, SEARS ROEBUCK & CO.

25. Plaintiffs repeat, reallege and incorporate the allegations of Paragraphs 1-24 as if expressly rewritten and set forth herein.

26. As a direct and proximate result of Defendant Sear's acts as alleged herein, the husband of Plaintiff, Jorge Hernandez, was injured. As a result therefore, Plaintiff Mr. Hernandez has lost love, companionship and consortium of his wife.

WHEREFORE, Plaintiffs request judgment against the Defendant, together with punitive damages, interest and costs.

## COUNT VI
## LOSS OF CONSORTIUM AS TO DEFENDANT, DOROTHY HARRIS

27. Plaintiffs repeat, reallege and incorporate the allegations of Paragraphs 1-25 as if expressly rewritten and set forth herein.

28. As a direct and proximate result of Defendant Sear's acts as alleged herein, the husband of Plaintiff, Jorge Hernandez, was injured. As a result therefore, Plaintiff Mr. Hernandez has lost love, companionship and consortium of his wife.

WHEREFORE, Plaintiffs request judgment against the Defendant, together with punitive damages, interest and costs.

The Plaintiffs,
By Their Attorney,

*[signature]*

David P. Angueira, BBO# 019610
Swartz & Swartz
10 Marshall Street
Boston, MA 02108
(617) 742-1900

Dated: May 12, 2017

5

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF PLYMOUTH | DOCKET NO. |
|---|---|---|
| PLAINTIFF(S) Cerci Hernandez and Jorge Hernandez | | DEFENDANT(S) Sears Roebuck & Co., and Dorothy Harris |

| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
|---|---|
| David P. Angueira, Esq., BBO#019610<br>Swartz & Swartz, P.C.<br>10 Marshall Street<br>Boston, MA 02108<br>(617) 742-1900 | |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)   TRACK | IS THIS A JURY CASE? |
|---|---|---|
| | B05 Product Liability - Average Track | [ ] Yes   [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses                                                    $ 284,358.06
2. Total doctor expenses                                                      $
3. Total chiropractic expenses                                                $
4. Total physical therapy expenses                                            $
5. Total other expenses (describe)                                            $
                                                                   Subtotal   $
B. Documented lost wages and compensation to date                             $
C. Documented property damages to date                                        $
D. Reasonably anticipated future medical expenses                             $
E. Reasonably anticipated lost wages and compensation to date                 $
F. Other documented items of damages (describe)                               $ 500,000+
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

As a direct and proximate result of the negligence of the Defendants, Cerci Hernandez was caused to sustain severe and permanent injury to her person.

                                                                   Total  $ 784,358.06+

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                                   TOTAL  $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _David P. Angueira, Esq._   Date: 5/17/2017

A.O.S.C. 3-2007

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1783CV00566 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Cerci Hernandez et al vs. Sears Roebuck & Co. et al | | Robert S. Creedon, Jr., Clerk of Courts |
| TO: David Peter Angueira, Esq. Swartz & Swartz PC 10 Marshall St Boston, MA 02108 | | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                   **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/24/2017 | |
| Response to the complaint filed (also see MRCP 12) | | 09/25/2017 | |
| All motions under MRCP 12, 19, and 20 | 09/23/2017 | 10/23/2017 | 11/22/2017 |
| All motions under MRCP 15 | 07/20/2018 | 08/20/2018 | 08/20/2018 |
| All discovery requests and depositions served and non-expert despositions completed | 05/16/2019 | | |
| All motions under MRCP 56 | 06/17/2019 | 07/15/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/12/2019 |
| Case shall be resolved and judgment shall issue by | | | 05/25/2020 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 05/26/2017 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 05/26/2017 14:04:15

SCV026\ 11/2014